IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VINCENT LEE WALKER,

    Plaintiff,

    v.                                CASE NO. 21-3136-SAC

DOUGLAS COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Vincent Lee Walker is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff alleges that he was attacked by two inmates in his cell at the jail on November 2, 2019. He asserts that he warned two jail officers (Officers Ormsby and Blue) and a medical staff member that one of his attackers wanted to fight him. Plaintiff claims he suffered multiple injuries, including what Plaintiff believes to be a minor stroke, because of the attack and continues to experience neck and back pain.

The Complaint brings one count, which Plaintiff describes as, "Before the incident occurred, I told the staff I had been threatened, and they failed to take any precautions." ECF No. 4, at 2. Plaintiff names as defendants: the Douglas County Sheriff's Office; (FNU) Ormsby, Corrections Officer; (FNU) Blue, Corrections Officer; and (FNU) Ladke, Corrections Officer.

1

Plaintiff's request for relief seeks $350,000 as compensation for pain and suffering and therapy costs.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  DISCUSSION

#### A.  The Sheriff's Office is not a proper defendant.

Plaintiff is bringing this action under § 1983 which provides for a cause of action against "persons" who, acting under the authority of state law, violate the Constitution or federal law. The Douglas County Sheriff's Office is not an entity which may sue or be sued under the laws of Kansas. *See* K.S.A. 19-105 (all suits by or against a county shall be brought by or against the board of county commissioners). Therefore, this Court and others have held that a sheriff's office is not a "person" who is subject to suit under § 1983. *See Brown v. Sedgwick County Sheriffs Office*, 513 F. App'x 706, 707-08 (10th Cir. 2013) (affirming dismissal of a § 1983 claim against a Kansas county sheriff's office because it is not an entity which may be sued); *Schwab v. Kansas*, 2017 WL 2831508, *13 (D. Kan. June 30, 2017); *Wright v. Wyandotte County Sheriff's Dept.*, 963 F. Supp. 1029, 1034 (D. Kan. 1997).

#### B.  The Complaint does not allege the personal participation of Officer Ladke.

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Robertson v. Las Animas County Sheriff's Dept.,* 500 F.3d 1185, 1193 (10th Cir.2007); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). "To establish a violation of § 1983 ... the plaintiff must establish a deliberate, intentional act on the part of the

defendant to violate the plaintiff's legal rights." *Porro v. Barnes,* 624 F.3d 1322, 1327–28 (10th Cir.2010).

The Complaint fails to allege any facts showing that Defendant Ladke personally participated in the claimed violation of Plaintiff's constitutional rights. He is not even mentioned in Plaintiff's description of the incident. As a result, Defendant Ladke is subject to dismissal from this lawsuit.

## C. The Complaint does not allege violation of a constitutional or federal right.

As noted, to state a claim under § 1983, Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States." This action is subject to dismissal because Plaintiff has not adequately alleged a federal constitutional violation. Plaintiff makes no reference to any federal constitutional provision or federal law in his complaint. He may believe that the United States Constitution was violated but simply failed to specify the constitutional provision. However, the Court is not free to "construct a legal theory on a plaintiff's behalf." Thus, this action is subject to dismissal for failure to state a claim on which relief may be granted.

## D. The Complaint fails to state an actionable claim for failure to protect.

While he does not cite any constitutional provision, Plaintiff states that the defendants failed to take any precautions to prevent the incident. The Court assumes he is attempting to bring a failure to protect claim under the Eighth Amendment.

"Prison and jail officials, as well as municipal entities that employ them, cannot absolutely guarantee the safety of their prisoners. Nonetheless, they have a constitutional duty to take reasonable steps to protect the prisoners' safety and bodily integrity." *Wright v. Collison*, 651 F. App'x 745, 748 (10th Cir. 2016) (unpublished) (quoting *Cox v. Glanz*, 800 F.3d 1231, 1247–48 (10th Cir. 2015)). Because Plaintiff is a pretrial detainee, his claims are governed by the Due

Process Clause rather than the Eighth Amendment. *Wright*, 651 F. App'x at 748 (citing *Lopez v. LeMaster*, 172 F.3d 756 n.2 (10th Cir. 1999)). Even so, the Court applies an analysis identical to that applied in Eighth Amendment cases brought under § 1983. *Id*.

"To establish a cognizable Eighth Amendment claim for failure to protect an inmate from harm by other inmates, the plaintiff must show that he [was] incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Id*. (citing *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (brackets and internal quotation marks omitted)). Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (other citations omitted); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It follows that plaintiff must allege facts indicating that defendants actually knew of but disregarded a serious risk to him, rather than that they should have been aware of possible danger. *Id.* The mere fact that an assault occurred does not establish the requisite deliberate indifference to plaintiff's constitutional rights. *Hovater*, 1 F.3d at 1068. Nor does an isolated attack by another inmate demonstrate a failure to protect.

Plaintiff states that Inmate Williams told Plaintiff he wanted to fight ("I want to catch a fade!") and that they would fight at their next free time. (ECF No. 4, at 5.) Plaintiff reported this statement to Defendants Ormsby and Blue. They asked Plaintiff what "catch a fade" means, and he told them it means "to box, like fight." (*Id.*) At the next free time, the Williams came into Plaintiff's cell with another inmate and attacked him.

Plaintiff does not explain whether he had a history of conflict with Inmate Williams, whether Inmate Williams was known to Defendants to be violent, or whether Plaintiff was known to be violent. He does not allege that he requested protective custody or any other intervention on

6

the part of the defendants.  The Complaint does not demonstrate that Defendants actually knew Inmate Williams posed a substantial risk of serious harm to Plaintiff when he announced his desire to "fight" Plaintiff at a future point, as required for deliberate indifference.

Plaintiff's allegations fail to demonstrate either that he was incarcerated under conditions posing a substantial risk of serious harm or that Defendants acted with deliberate indifference.

## IV.  Response Required

For the reasons stated herein, the Court shall direct that Defendant Douglas County Sheriff's Office be dismissed from this case.  Moreover, as explained above, Plaintiff's Complaint is subject to dismissal in its entirety.  Plaintiff is therefore required to show good cause why his Complaint should not be dismissed for failure to state a claim.  Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that the Douglas County Sheriff's Office is **dismissed** from this case.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 12, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated October 12, 2021, in Topeka, Kansas.**

**s/_Sam A. Crow_____
Sam A. Crow
U.S. Senior District Judge**